# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES T. GLOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-2080-JDT-tmp |
| | ) | |
| SHELBY COUNTY CRIMINAL | ) | |
| COURT DIVISION 6, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

---

ORDER DENYING MOTION FOR BAIL
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

On February 4, 2013, Plaintiff Charles T. Glover, booking number 13102844, an inmate at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee, filed a *pro se* civil complaint, titled "Complaint/Right to Bail Under United States Constitution," that the Clerk docketed as arising under 42 U.S.C. § 1983.  (Docket Entry 1.)  In response to the Court's order (D.E. 2), Plaintiff paid the $350 civil filing fee on February 5, 2013 (D.E. 5).  The Clerk shall record the Defendants as the Shelby County Criminal Court Division 6 (the "Criminal Court") and the Tennessee Board of Probation and Paroles (the "Board").[1]

---

[1] Although the case caption uses the designation "et al.," the Court will not speculate about the identity of any other person or entity Plaintiff intends to sue.

The complaint asserts that Plaintiff met with his probation officer on January 15, 2013. At that time, he was given a drug test, which he contends was negative. On or about January 23, 2013, Plaintiff received a telephone call from Officer Shaw of the Shelby County Sheriff's Department advising that a warrant had been issued for his arrest. (D.E. 1 at 2-3.) Plaintiff asserts that he "found that the warrant was for 'violation of probation' because the plaintiff urin [sic] test yielded no medications prescribed by the plaintiff's mental ill doctor." (Id. at 3.) On or about January 24, 2013, Plaintiff surrendered and discovered that he was being detained without bail. (Id.) Plaintiff was not charged with first degree murder, which would justify a denial of bail. (Id. at 4.) Plaintiff seeks an order directing the Criminal Court, Division 6, to grant bail. (Id.)

On February 25, 2013, Plaintiff filed a Motion for Court to Urgently Order Criminal Court Six to Grant Bail. (D.E. 6.) That motion appears to be an amendment to the complaint as of right. The filing states that, on February 21, 2013, "upon a probationary hearing, Plaintiff's case was reset for the 5th or 6th time, without bail or moving on the Plaintiff's motion for [release on recognizance]." (Id. at 2.) The case was reset so Plaintiff could get a mental evaluation and a more structured psychiatric plan. (Id.) Plaintiff asks that the Criminal Court be ordered to release him on bail or on his own recognizance. (Id. at 1, 3.)

A review of the dockets from the General Sessions and Criminal Courts for Shelby County, Tennessee, cast doubt on Plaintiff's suggestion that he was arrested because of the drug test. Plaintiff was previously charged under Indictment Number 10 07395 in the Criminal Court with reckless aggravated assault and reckless endangerment with a deadly

2

weapon.[2]  Although it cannot be determined with certainty from the docket, it appears likely that the dangerous weapon was a motor vehicle.  See State v. Tate, 912 S.W.2d 785, 788 n.1 (Tenn. Crim. App. 1995).  On June 9, 2011, Plaintiff pled guilty to reckless aggravated assault and received a sentence of two years.  The reckless endangerment charge was resolved by *nolle prosequi*.  On July 18, 2011, Plaintiff's motion for a suspended sentence was granted and he was placed on probation for four years.

Glover was also charged under Indictment Number 11 01104 with aggravated assault and reckless endangerment resulting in death.  On June 9, 2011, Plaintiff pled guilty to reckless aggravated assault and received a sentence of two years.  The reckless endangerment charge was resolved by *nolle prosequi*. On July 18, 2011, Plaintiff's motion for a suspended sentence was granted and he was placed on probation for four years.[3]

On January 10, 2013, while on probation for the two aggravated assault convictions, one of which resulted in a death, Plaintiff was arrested for driving on a license that has been suspended, revoked, or cancelled[4] and disregarding a red light.  Those charges are pending in the Shelby County General Sessions Court under  booking number 13707947.

---

[2] See jttp://jssi.shelbycountytn.gov/.

[3] Glover was also charged in Indictment Number 11 01105 with failure to appear in a felony case.  That charge also was resolved by *nolle prosequi* on June 9, 2011.

[4] On February 3, 2009, Plaintiff was charged in Indictment Number 09 00740 with driving under the influence ("DUI"), reckless driving, and two counts of leaving the scene of an accident.  On September 9, 2009, Plaintiff pled guilty to DUI and one count of leaving the scene of an accident.  He was sentenced to a term of imprisonment of 11 months, 29 days, with 10 months, 29 days suspended.  He was also fined $500.  The remaining counts were resolved by *nolle prosequi*.

On January 29, 2013, the State filed petitions to revoke Glover's suspended sentences in Indictment Numbers 10 07395 and 11 01104.  The docket for those cases reflects that Glover is not eligible for bail.  Although the docket does not reflect the basis for the petitions, it is likely that Glover's arrest on January 10, 2013, was a factor.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

      (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

      (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied.  Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010).  "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'"  Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681).  "[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without

4

some factual allegation in the complaint, it is hard to see how a claimant could satisfy the

requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds'

on which the claim rests.").

"A complaint can be frivolous either factually or legally."  Hill, 630 F.3d at 470

(citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)).  "Any complaint that is legally

frivolous would *ipso facto* fail to state a claim upon which relief can be granted."  Id. (citing

Neitzke, 490 U.S. at 328-29).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and
> 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for
> relief.  Statutes allowing a complaint to be dismissed as frivolous give judges
> not only the authority to dismiss a claim based on an indisputably meritless
> legal theory, but also the unusual power to pierce the veil of the complaint's
> factual allegations and dismiss those claims whose factual contentions are
> clearly baseless.  Unlike a dismissal for failure to state a claim, where a judge
> must accept all factual allegations as true, a judge does not have to accept
> "fantastic or delusional" factual allegations as true in prisoner complaints that
> are reviewed for frivolousness.

Id. at 471 (citations and internal quotation marks omitted).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings

drafted by lawyers,' and should therefore be liberally construed."  Williams, 631 F.3d at 383

(quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants, however,

are not exempt from the requirements of the Federal Rules of Civil Procedure.  Wells v.

Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608,

612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to

comply with "unique pleading requirements" and stating "a court cannot 'create a claim

which [a plaintiff] has not spelled out in his pleading'" (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, No. 09-5480, 2011 WL 1827441, at *4 (6th Cir. May 12, 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *cert. denied*, 132 S. Ct. 461 (2011).

To state a claim under 42 U.S.C. § 1983,[5] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

---

[5] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. Welch v. Tex. Dep't of Highways & Pub. Transp., 483 U.S. 468, 472 (1987); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Employees of Dep't of Pub. Health & Welfare v. Mo. Dep't of Pub. Health & Welfare, 411 U.S. 279, 280 (1973); see also Va. Office for Protection & Advocacy v. Stewart, ___ U.S. ___, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation.  But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)).  Plaintiff's claims against the Board, a state agency, is asserted against the State of Tennessee. Ky. v. Graham, 473 U.S. 159, 165-66 (1985).  A suit against the Shelby County Criminal Court is also properly brought against the State of Tennessee.[6]  By its terms, the Eleventh Amendment bars all suits, regardless of the relief sought.  Pennhurst, 465 U.S. at 100-01.  Tennessee has not waived its sovereign immunity.  Tenn. Code Ann. § 20-13-102(a).  Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983.

---

[6] The Criminal Court for the Thirtieth Judicial District at Memphis, also known as the Shelby County Criminal Court, is established pursuant to state law.  See Tenn. Code Ann. § 16-1-101 ("The judicial power of the state is vested in judges of the courts of general sessions, recorders of certain towns and cities, circuit courts, criminal courts, common law and chancery courts, chancery courts, court of appeals, and the supreme court, and other courts created by law.").

Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 617 (2002); Will v.Mich., 491 U.S. 58, 71 (1989).

Therefore, the Court DISMISSES the complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $455 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). See McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if

8

he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect, without further action by the Court, upon expiration of the time for filing a notice of appeal, the dismissal of any appeal, or the affirmance of this Court's ruling on appeal, whichever is later.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE